# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JERMAINE SMITH, | Case No. 1:25-cv-01222-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| GUITRON, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | (ECF No. 10) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joseph Jermaine Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On March 23, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 9.)  Plaintiff's first amended complaint, filed on April 6, 2026, is currently before the Court for screening.  (ECF No. 10.)

### I.      Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

1

relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

**II.    Plaintiff's Allegations**

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California.  The events in the complaint are alleged to have occurred while Plaintiff was housed at North Kern State Prison in Delano, California.  Plaintiff names the following defendants: (1) Ali Guitron, Correctional Officer; and (2) Jorge Reyes-Mercado, Correctional Officer.

In Claim I, Plaintiff asserts a violation of his Eighth Amendment rights by Defendants Guitron and Reyes-Mercado by the unnecessary and wanton infliction of pain, including physical injury and psychological and emotional distress.  Plaintiff alleges that "as Correctional Officer states on trial he punched Smith in the facial and rib caged area several times – Smith made statement he did nothing to refuse the officer nor committed battery on any officer."  (ECF No. 10 at 3.)  Plaintiff refers to documents regarding correctional officers' actions causing physical pain, inflicting injury and sending him to an outside hospital.  Plaintiff further alleges "causing humiliation when Ali Guitron and Reyes-Mercado handcuffed Smith," continuing their assault

2

"while Smith yell -Im down – Im not resisting." (*Id.* at 3-4.)  Plaintiff refers to pages 1-8, which are an apparent reference to documents attached to the complaint.  Plaintiff also refers to transcripts – Case No. DF016210A.  (*Id.* at 4.)

In Claim II, Plaintiff asserts a denial of his Eighth Amendment rights, contending that correctional officers acted with deliberate indifference to his personal safety when they intentionally, knowingly, and maliciously inflicted physical abuse.  Plaintiff alleges as follows:

> Both officers punched and kicked inmate Smith - in the facial and rib caged area - causing harm – all the while being handcuffed – Officer Guitron put me against the fence – acting to do a clothed body search – when I stated I did nothing wrong Guitron grabbed me-slamming me to the ground – then he and Jorge Reyes Mercado Punched and kicked me - while C/O Castillo stood watching before taking part in the abuse – once 5-7 minutes has passed one officer yelled put your hands behind your back – I stated my hands are behind my back – he then say "stop resisting" all the while punching and kicking - me- I yelled to him Im on the ground my hands behind my back Im not resisting at which point he/Guitron handcuffed me – lift me up and resumed punching and kicking me – with Rengen and Stevenson following suit."

(ECF No. 10 at 4.)

Plaintiff seeks injunctive relief, monetary damages, and dismissal of further disciplinary actions as he spent 2 years in Ad-Seg and SHU causing extra time to his sentence.  He asks that he be relieved "of that battery on executive officer causing serious bodily injury and resisting and deter an executive officer causing 25 years to life concurrent, 25 years to life consecutive - strike the strike for violent offense."  (ECF No. 10 at 5.)

### III.    Discussion

### A.  Eighth Amendment – Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation

of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the allegations in the complaint, Plaintiff states a cognizable excessive force claim against Defendants Guitron and Reyes-Mercado.  Plaintiff alleges that Defendant Guitron slammed him to the ground, then Defendants Guitron and Reyes-Mercado punched and kicked him, and then, after Defendant Guitron handcuffed Plaintiff, Defendant Guitron lifted Plaintiff up and resumed punching and kicking him.[1]

---

[1] At the pleading stage, the Court makes no determination whether Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that a plaintiff may not prevail on a § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.  California district courts have determined that Eighth Amendment claims under circumstances similar to those presented here are not Heck-barred. *See*, *e.g.*, *Green v. Goldy*, Civ S-10-0162 DAD P, 2011 WL 2445872 (E.D.Cal.2011) (prisoner's excessive force claim not *Heck*-barred because two factual predicates exist, one giving rise to the disciplinary conviction, and the other giving rise to a potential civil claim for excessive force); *El–Shaddai v. Wheeler*, CIV S-06-1898 KJM EFB P, 2011 WL 1332044, at *5 (E.D. Cal. Apr. 5, 2011) (finding that an Eighth Amendment excessive use of force claim is not *Heck*-barred because "a judgment for plaintiff on his Eighth Amendment claim would not necessarily imply the invalidity of his disciplinary conviction" for willfully

Although Plaintiff references C/O Castillo, along with Rengen and Stevenson, who were named as defendants in the original complaint, Plaintiff does not name them as defendants in the caption of the amended complaint or include them in the list of defendants in his amended complaint.  (*See* ECF No. 10 at 1, 2-3.)  The Court will therefore recommend that these individuals be dismissed from the action.

**B.      Habeas Proceeding**

To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez,* 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act") (citations omitted); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

**C.      Injunctive Relief**

Insofar as Plaintiff seeks injunctive relief, any such request is now moot.  Plaintiff is no longer housed at North Kern State Prison, where he alleges the incident at issue occurred. Therefore, any injunctive relief he seeks against the officials at North Kern State Prison is moot. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007) (prisoner's claims for injunctive relief generally become moot upon transfer) (citing *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991) (per curiam) (holding claims for injunctive relief "relating to [a prison's] policies are moot" when the prisoner has been moved and "he has demonstrated no reasonable expectation of returning to [the prison]")).

**IV.      Conclusion and Recommendation**

Based on the above, the Court finds that Plaintiff's first amended complaint, filed on April

---

resisting a peace officer; noting "factfinder could conclude that, even though plaintiff resisted the defendants, defendants nevertheless subjected plaintiff to unnecessary and wanton pain").

6, 2026, states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Ali Guitron and Jorge Reyes-Mercado.  However, Plaintiff's complaint fails to state any other cognizable claims for relief against any other defendants.  Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on April 6, 2026, against Defendants Ali Guitron and Jorge Reyes-Mercado for excessive force in violation of the Eighth Amendment; and

2. All other claims and defendants be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **April 21, 2026**                     /s/ *Barbara A. McAuliffe*

UNITED STATES MAGISTRATE JUDGE

6