# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JERMAINE SMITH, | Case No.  1:25-cv-01222-JLT-BAM (PC) |
| Plaintiff, | ORDER GRANTING REQUEST TO FILE AMENDED COMPLAINT |
| v. | (ECF No. 13) |
| GUITRON, *et al.*, | ORDER VACATING FINDINGS AND RECOMMENDATIONS |
| Defendants. | (ECF No. 12) |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Joseph Jermaine Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Currently pending are the Court's April 21, 2026 findings and recommendations to dismiss certain claims and defendants and for this action proceed on the cognizable Eighth Amendment claim for excessive force against Defendants Ali Guitron and Jorge Reyes-Mercado stated in the first amended complaint. (ECF No. 12.)

On May 4, 2026, Plaintiff filed his objections to the findings and recommendations.  (ECF No. 13.)  Plaintiff states that he objects because there were other officers involved in the excessive force incident, including Rensen and Stephenson.  Plaintiff alleges that these officers were escorting Plaintiff to the cages and they punched him several different times while Plaintiff

1

was handcuffed and being dragged.  Plaintiff asserts that he also remembers calling Sgt. Trejo's name while getting kicked and punched by her officers before she "took place in the incident." (*Id.*)  The Court construes Plaintiff's objections as a request to file an amended complaint to assert additional factual allegations and/or claims.

Having considered the request, the Court will grant Plaintiff's leave to file an amended complaint.  As it appears Plaintiff may be able to include additional factual allegations sufficient to state a cognizable claim(s), the Court finds it appropriate to vacate the pending findings and recommendations issued on April 21, 2026.  (ECF No. 12.)  After Plaintiff files his second amended complaint, it will be screened in due course.

Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Any amended complaint shall be **limited to twenty (20) pages in length,** excluding exhibits.

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's request for leave to amend, (ECF No. 13), is GRANTED;

    a. Plaintiff is granted **thirty (30) days** from the date of service of this order in which to file a second amended complaint, **limited to twenty (20) pages** in length;

  b. The Clerk's Office shall send Plaintiff a complaint form; and

  c. **If Plaintiff fails to file a second amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order**; and

2. The findings and recommendations issued on April 21, 2026, (ECF No. 12), are VACATED.

IT IS SO ORDERED.

Dated: **May 5, 2026**      /s/ *Barbara A. McAuliffe*
                  UNITED STATES MAGISTRATE JUDGE