# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JERMAINE SMITH, | Case No.  1:25-cv-01222-BAM (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS |
| v. | |
| GUITRON, *et al.*, | (ECF No. 15) |
| Defendants. | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Joseph Jermaine Smith ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.  On March 23, 2026, the Court screened Plaintiff's complaint and granted him leave to amend.  (ECF No. 9.)  On April 21, 2026, the Court screened Plaintiff's first amended complaint and issued findings and recommendations to dismiss certain claims and defendants and for this action to proceed on the cognizable Eighth Amendment claim for excessive force against Defendants Ali Guitron and Jorge Reyes-Mercado.  (ECF No. 12.)  Plaintiff filed objections and requested leave to file an amended complaint to assert additional factual allegations and/or claims.  (ECF No. 13.)  On May 6, 2026, the Court granted Plaintiff's request for leave to amend and vacated the April 21, 2026 findings and recommendations.  (ECF No. 14.)  Plaintiff's second amended complaint, filed on May 20, 2026, is currently before the Court for screening.  (ECF No. 15.)

1

## I.     Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at California Substance Abuse Treatment Facility in Corcoran, California.  The events in the second amended complaint are alleged to have occurred while Plaintiff was housed at North Kern State Prison in Delano, California.  Plaintiff names the following defendants: (1) Ali Guitron, Correctional Officer; (2) Jorge Reyes-Mercado, Correctional Officer, (3) R. Rensen, Correctional Officer (4) S. Stevensen, Correctional Officer; and (5) Y. Trejo, Sergeant.

In Claim I, Plaintiff alleges:   Plaintiff was coming out of the pill call room where nurses distribute medication.  Ali Guitron and Jorge Reyes-Mercado pulled Plaintiff to the side and told

him to get against the fence.  Plaintiff complied.  Once he was against the fence, Defendant Guitron stated something a case reference, when Plaintiff stated he did nothing wrong, he grabbed Plaintiff and slammed him to the ground where Defendant Reyes-Mercado started kicking and punching Plaintiff.  While on the ground, Defendant Guitron also started punching and kicking Plaintiff in the facial and rib cage area.  There were other officers and inmates around watching them beat Plaintiff.  While on the ground, Plaintiff saw two more officers that he did not notice punching him as well.  When Plaintiff looked up, he saw Sergeant A. Trejo approaching closely, so he called out to her hoping she would say something, but she took part in the action, kicking Plaintiff in the rib cage.  Plaintiff heard an officer say get down, then Plaintiff yelled, "I am down."  (ECF No. 15 at 4.)  He then said, put your hand behind your back.  Plaintiff yelled again, "My hands are behind my back – you have my hands."  (*Id.*)  He then said stop resisting.  Plaintiff yelled to him he is not resisting.  After a few moments of getting punched and kicked, Plaintiff was handcuffed to be escorted to the holding cages by Defendants Rensen and Stephensen.  Once around the corner, where Plaintiff supposes inmates could not see, Plaintiff was punched and kicked again by the escorting officers.  Plaintiff's ribs were bruised, his face swollen, bloody, and he was later transferred to an outside hospital.

In Claim II, Plaintiff alleges:  He had all rights to go to and from pill call to get prescribed medication and there was no need for force as he was compliant.  When Defendant Guitron asked to get against the fence, Plaintiff did so with no ill intent.  When he called Plaintiff out of his name, Plaintiff stated you got the wrong guy right before he grabbed Plaintiff and slammed him to the ground.  Plaintiff posed no threat, yet 5 to 6 officers posed a threat to his safety and security as with other inmates who are in the same situation.  As Defendant Reye-Mercado started to punch and kick him in the facial and rib cage area, after what seemed a short time, other officers took part in the incident.  Plaintiff did no wrong, trying to comply while getting beat down by supposedly trusted officers is deliberate indifference and excessive force.  Plaintiff claims it was not lawful by means of protocol.  The moment Plaintiff saw Defendant Trejo, he immediately called out to her, but she did not stop them and took part in kicking and punching him as well.  While being escorted, R. Rensen and S. Stevensen used excessive force when they, for the second

3

time, not 20 seconds later, punched and kicked Plaintiff while he was handcuffed being dragged to the holding cages as Plaintiff could not walk on his own.  Plaintiff was hurting and embarrassed.

As relief, Plaintiff wants to be paid for his pain and embarrassment.  He also would like compensation for privileges loss, loss of personal items, and to be given his time back for the SHU term as he was not found guilty of assaulting staff, nor battery by SBI.  Plaintiff asserts it was a mistrial, but he received 25 years to life for resisting, which he claims he did not do. Plaintiff further asserts that he needs that RVR to be dismissed, which was for assault and battery on a peace officer by force causing SBI, which he also claims he did neither.

### III.    Discussion

### A.  Eighth Amendment - Excessive Force

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). The unnecessary and wanton infliction of pain violates the Cruel and Unusual Punishments Clause of the Eighth Amendment. *Hudson v McMillian*, 503 U.S. 1, 5 (1992) (citations omitted). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. *Farmer*, 511 U.S. at 832–33 (quotations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7; *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986).  The "malicious and sadistic" standard, as opposed to the "deliberate indifference" standard applicable to most Eighth Amendment claims, is applied to excessive force claims because prison officials generally do not have time to reflect on their actions in the face of risk of injury to inmates or prison employees. *See Whitley*, 475 U.S. at 320-21.

In determining whether force was excessive, the court considers the following factors: (1) the need for application of force; (2) the extent of injuries; (3) the relationship between the need

4

for force and the amount of force used; (4) the nature of the threat reasonably perceived by prison officers; and (5) efforts made to temper the severity of a forceful response. *See Hudson*, 503 U.S. at 7. The absence of an emergency situation is probative of whether force was applied maliciously or sadistically. *See Jordan v. Gardner*, 986 F.2d 1521, 1528 n.7 (9th Cir. 1993) (en banc). Finally, because the use of force relates to the prison's legitimate penological interest in maintaining security and order, the court must be deferential to the conduct of prison officials. *See Whitley*, 475 U.S. at 321-22.

Liberally construing the allegations in the second amended complaint, Plaintiff states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Ali Guitron, Jorge Reyes-Mercado, Y. Trejo, R. Rensen, and S. Stevensen.[1]

### B. Habeas Proceeding

To the extent Plaintiff seeks to challenge the duration or fact of his sentence, his sole federal remedy is a writ of habeas corpus and a lawsuit under 42 U.S.C. § 1983 is inappropriate. It has long been established that state prisoners cannot challenge the fact or duration of their confinement in a section 1983 action, and their sole remedy lies in habeas corpus relief. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005); *Preiser v. Rodriguez*, 411 U.S. 475, 479 (1973) ("Release from penal custody is not an available remedy under the Civil Rights Act") (citations omitted); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1989) ("Where a state prisoner challenges the fact or duration of his confinement, his sole federal remedy is a writ of habeas corpus.").

---

[1] At the pleading stage, the Court makes no determination whether Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which provides that a plaintiff may not prevail on a § 1983 claim if doing so "would necessarily imply the invalidity" of plaintiff's conviction arising out of the same underlying facts as those at issue in the civil action "unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487. California district courts have determined that Eighth Amendment claims under circumstances similar to those presented here are not Heck-barred. *See, e.g., Green v. Goldy*, Civ S-10-0162 DAD P, 2011 WL 2445872 (E.D.Cal.2011) (prisoner's excessive force claim not *Heck*-barred because two factual predicates exist, one giving rise to the disciplinary conviction, and the other giving rise to a potential civil claim for excessive force); *El–Shaddai v. Wheeler*, CIV S-06-1898 KJM EFB P, 2011 WL 1332044, at *5 (E.D. Cal. Apr. 5, 2011) (finding that an Eighth Amendment excessive use of force claim is not *Heck*-barred because "a judgment for plaintiff on his Eighth Amendment claim would not necessarily imply the invalidity of his disciplinary conviction" for willfully resisting a peace officer; noting "factfinder could conclude that, even though plaintiff resisted the defendants, defendants nevertheless subjected plaintiff to unnecessary and wanton pain").

## IV.   Conclusion and Recommendation

Based on the above, the Court finds that Plaintiff's second amended complaint, filed on May 20, 2026, states a cognizable claim for excessive force in violation of the Eighth Amendment against Defendants Ali Guitron, Jorge Reyes-Mercado, R. Rensen, S. Stevensen, and Y. Trejo.  However, Plaintiff's complaint fails to state any other cognizable claims for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the identified deficiencies and further leave to amend is not warranted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY RECOMMENDED that:

1.  This action proceed on Plaintiff's second amended complaint, filed on May 20, 2026, against Defendants Ali Guitron, Jorge Reyes-Mercado, R. Rensen, S. Stevensen, and Y. Trejo for excessive force in violation of the Eighth Amendment; and

2.  All other claims be dismissed based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 27, 2026**                           /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE

6