# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH JERMAINE SMITH,

Plaintiff,

v.

GUITRON, *et al.*,

Defendants.

Case No. 1:25-cv-01222-JLT-BAM (PC)

ORDER TO SHOW CAUSE WHY DEFENDANT STEVENSEN SHOULD NOT BE DISMISSED FROM THIS ACTION FOR FAILURE TO PROVIDE SUFFICIENT INFORMATION TO EFFECTUATE SERVICE

(ECF No. 22)

**THIRTY (30) DAY DEADLINE**

Plaintiff Joseph Jermaine Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Ali Guitron, Jorge Reyes-Mercado, R. Rensen, S. Stevensen, and Y. Trejo for excessive force in violation of the Eighth Amendment.

On July 7, 2026, the Court issued an order directing service on Defendants Guitron, Reyes-Mercado, R. Rensen, S. Stevensen, and Y. Trejo under the Court's E-Service pilot program for civil rights cases in the Eastern District of California. (ECF No. 18.) The order included the following information regarding Defendant Stevensen: "S. Stevensen, Correctional Officer; North Kern State Prison." (*Id.* at 2.) On July 15, 2026, the Court received information that Defendant Stevensen could not be identified. Service documents were forwarded to the United States Marshals Service. On July 22, 2026, the United States Marshal filed a return of service

unexecuted as to Defendant S. Stevensen. (ECF No. 22.)

Federal Rule of Civil Procedure 4(m) provides as follows:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Here, the U.S. Marshal attempted to electronically serve Defendant S. Stevensen with the information that Plaintiff provided. However, the Court was informed that Defendant Stevensen could not be identified. The U.S. Marshal then attempted personal service on Defendant S. Stevensen, but also was informed that S. Stevensen could not be identified. (ECF No. 22.) Plaintiff therefore has not provided sufficient information to locate Defendant S. Stevensen for service of process. If Plaintiff is unable to provide the Marshal with the necessary information to locate this defendant, then Defendant S. Stevensen shall be dismissed from this action, without prejudice.

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause

why Defendant S. Stevensen should not be dismissed from the action at this time. Plaintiff may respond to this order by providing additional information that will assist the Marshal in locating this defendant for service of process.

Based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant S. Stevensen should not be dismissed from this action; and
2. **The failure to respond to this order or the failure to show cause will result in the dismissal of any unidentified defendant from this action, due to Plaintiff's failure to serve process pursuant to Federal Rule of Civil Procedure 4(m).**

IT IS SO ORDERED.

Dated: **July 29, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE