# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOSEPH JERMAINE SMITH,

Plaintiff,

v.

GUITRON, *et al.*,

Defendants.

Case No. 1:25-cv-01222-JLT-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT S. STEVENSEN

(ECF No. 23)

**FOURTEEN (14) DAY DEADLINE**

## I. Background

Plaintiff Joseph Jermaine Smith is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's second amended complaint against Defendants Ali Guitron, Jorge Reyes-Mercado, R. Rensen, S. Stevensen, and Y. Trejo for excessive force in violation of the Eighth Amendment.

On July 7, 2026, the Court issued an order directing service on Defendants Guitron, Reyes-Mercado, R. Rensen, S. Stevensen, and Y. Trejo under the Court's E-Service pilot program for civil rights cases in the Eastern District of California. (ECF No. 18.) The order included the following information regarding Defendant Stevensen: "S. Stevensen, Correctional Officer; North Kern State Prison." (*Id.* at 2.) On July 15, 2026, the Court received information that Defendant Stevensen could not be identified. Service documents were forwarded to the United States Marshals Service. On July 22, 2026, the United States Marshal filed a return of service

unexecuted as to Defendant S. Stevensen. (ECF No. 22.) The U.S. Marshal attempted personal service on Defendant S. Stevensen, but also was informed that S. Stevensen could not be identified. (*Id.*)

On July 30, 2026, the Court issued an order directing Plaintiff to show cause why Defendant S. Stevensen should not be dismissed from this action. (ECF No. 23.) Plaintiff filed a response to the show cause order on August 31, 2026. (ECF No. 26.) According to the response, Plaintiff was searching property for the incident report that shows Defendant Stevensen as the escorting officer. Plaintiff is unable to find the incident report from July 9, 2020, to show that Stevensen was a part of the violation. He claims that the report is missing. (*Id.*)

## II. Discussion

Pursuant to Federal Rule of Civil Procedure 4(m):

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding *in forma pauperis*, the Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(3). "[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint, and . . . should not be penalized by having his or her action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform the duties required of each of them . . . ." *Puett v. Blandford*, 912 F.2d 270, 275 (9th Cir. 1990). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" *Walker v. Sumner*, 14 F.3d 1415, 1422 (9th Cir. 1994), abrogated on other grounds by *Sandin v. Connor*, 515 U.S. 472, 115 (1995). However, where a *pro se* plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's *sua sponte* dismissal of the unserved defendant is appropriate. *Walker*, 14 F.3d at 1421–22.

Plaintiff has been granted an opportunity to provide sufficient information to identify Defendant Stevensen so that the United States Marshal may serve the summons and complaint. Despite a warning that failure to do so would result in dismissal of any unidentified defendants from this action, Plaintiff has not complied with the Court's order. In addition, Plaintiff has failed to set forth good cause for his failure to identify Defendant Stevensen and has failed to provide any explanation detailing the efforts taken to locate information regarding Defendant Stevensen after being unable to find the incident report in a search of his property.

**III. Recommendation**

Accordingly, the Court HEREBY RECOMMENDS that Defendant Stevensen be dismissed from this action, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." **Objections, if any, shall not exceed fifteen (15) pages. Any pages filed in excess of the 15-page limit may not be considered. Exhibits shall not be filed with objections, but they may be referenced by the document and page number. No new exhibits may be filed with objections.** Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 2, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE